UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MELISSA HALSTEAD | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-674-SDJ |
| | § | |
| COMMISSIONER, SSA | § | |

### AMENDED MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's counsel's Motion for and Memorandum in Support of an Award of Attorney Fees Under 406(b) of the Social Security Act. (Dkt. #28). Defendant, the Commissioner of Social Security, filed a response to the motion, although the Commissioner "neither supports nor opposes counsel's request for attorney's fees . . . under 42 U.S.C. § 406(b)." (Dkt. #30). Having considered the motion, the Court concludes that it should be granted.

### I. BACKGROUND

Plaintiff Melissa Halstead filed this action seeking judicial review of the Commissioner's decision denying her application for benefits under Title II of the Social Security Act. (Dkt. #1). Upon the Commissioner's motion, (Dkt. #20), the Court reversed the Commissioner's final decision and remanded this action for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Dkt. #21). The Court subsequently awarded $6,547.05 in attorney's fees and $400.00 in costs pursuant to the Equal Access to Justice Act ("EAJA"). (Dkt. #25, #26, #27). On remand, the Social Security Administration found that Halstead was entitled to $125,406.00 in past-due benefits, from which $31,351.50 was withheld for payment of attorney's fees. (Dkt. #28-2 at 4–5). Plaintiff's attorney of record now seeks a fee authorization in the

1

amount of $31,351.50 pursuant to 42 U.S.C. § 406(b) for services rendered in this matter. (Dkt. #28).[1]

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 406(b)(1)(A), when a court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" A remand that ultimately results in an award of benefits is a judgment that is favorable to a claimant. *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

"Fees under [Section] 406(b) satisfy a client's obligation to his or her counsel and, accordingly, are paid out of the plaintiff's social security benefits." *Siebe v. Comm'r of Soc. Sec. Admin.*, No. 5:19-CV-30, 2021 WL 3493167, at *1 (E.D. Tex. Apr. 16, 2021). A contingency fee agreement may set the amount of Section 406(b) fees so long as (1) the amount complies with Section 406(b)'s 25% cap and (2) the amount is reasonable under the facts of the case—i.e., it does not result in a windfall for the attorney. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807–08, 122 S.Ct. 1817,

---

[1] The Court granted Plaintiff leave to file a motion for Section 406(b) fees once she completed the administrative process on remand. (Dkt. #24). Plaintiff's counsel has now filed the Section 406(b) motion. (Dkt. #28). Therein, Plaintiff's counsel states that "[t]his motion is timely as the administrative process was just recently completed." (Dkt. #28 at 1).

However, the administrative process was completed on January 5, 2025, (Dkt. #28-2), and Plaintiff's counsel did not file this motion until November 17, 2025—more than 10 months after the administrative process concluded. Given this delay, the Court reminds Plaintiff's counsel that he has a duty to "act with reasonable diligence and promptness in representing a client," MODEL RULES OF PRO. CONDUCT r. 1.3 (A.B.A. 2025), and that he has an obligation of candor towards the Court, *id.* at r. 3.3.

152 L.Ed.2d 996 (2002); *see also id.* at 808 ("Although the contingency agreement should be given significant weight in fixing a fee, a district judge must independently assess the reasonableness of its terms." (quoting *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989))).

The Fifth Circuit has identified several factors that courts may consider when determining whether an award is reasonable or whether it results in a windfall, including: "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *Jeter v. Astrue*, 622 F.3d 371, 382 (5th Cir. 2010) (citation omitted). Courts should also consider whether the attorney unnecessarily delayed the litigation. *Id.* at 380 n.10 (citing *Gisbrecht*, 535 U.S. at 808).

A prevailing claimant may collect fees under both Section 406(b) and the EAJA, "but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation modified).

### III. DISCUSSION

Here, Plaintiff's counsel requests $31,351.50 for his 32.60 hours of work in this Court, to be paid from Plaintiff's $125,406.00 in past-due benefits. (Dkt. #28 at 2); (Dkt. #28-3); (Dkt. #28-6 ¶ 4). This request complies with Section 406(b)'s 25% maximum. And, pursuant to counsel and Plaintiff's fee agreement, Plaintiff agreed to pay counsel "a fee of twenty-five percent (25%) of the past due benefits awarded[.]" (Dkt. #28-4 ¶ 7).

Having reviewed the motion and the circumstances of this case, the Court finds that the requested amount is reasonable. Plaintiff's counsel has nearly thirty years of experience with Social Security law and is board-certified in Social Security Disability Advocacy by the National Board of Trial Advocacy.[2] (Dkt. #28-6 ¶ 1). The requested amount does not exceed the statutorily prescribed maximum for fees, it is consistent with the contingency agreement, counsel's representation resulted in a fully favorable result for Plaintiff, and there appears to be no significant delay in this litigation caused by counsel. Further, Plaintiff's counsel accepted risk in agreeing to represent Plaintiff. And although the Commissioner—not Plaintiff—moved for the remand, it did so only after Plaintiff filed a brief explaining the errors at the administrative level. *See* (Dkt. #18, #20). For these reasons, the requested amount will not result in a windfall for Plaintiff's counsel.

Additionally, although the effective hourly rate requested here, $961.70,[3] is about 2.08 times counsel's average market rate of $463.00, (Dkt. #28 at 10), this quotient does not necessarily mean the award is unreasonable. The Fifth Circuit has instructed against punishing "experienced, competent counsel . . . for accomplishing an arduous task in a shorter span of time[.]" *Jeter*, 622 F.3d at 380–81. In this regard, *Gisbrecht*'s "windfall" concern "does not preclude attorneys from recovering what may

---

[2] Plaintiff's attorney, Michael T. Kelly, indicates that a second attorney, Martin W. Long, also worked on this case. (Dkt. #28-6 ¶ 4). Martin Long has approximately thirty years of experience with Social Security law, and was previously employed as an Assistant Regional Counsel for the Office of the General Counsel, U.S. Social Security Administration.

[3] The effective hourly rate is calculated by dividing the amount requested by the number of hours worked. Here, that calculation is: $31,351.50 ÷ 32.60 = $961.70/hour.

4

mathematically seem like a high fee award if the attorney's success on appeal is of his own making." *Id.* at 381. Here, as discussed, Plaintiff's counsel diligently represented Plaintiff. *See* (Dkt. #18, #20).

Finally, the proposed award is within the range of awards that this Court and other courts have found to be reasonable. *See Rife v. Comm'r of Soc. Sec. Admin.*, No. 4:21-CV-197 (E.D. Tex. Apr. 26, 2024), (Dkt. #43) (awarding counsel an effective hourly rate of $1,108.19); *see also Silves H. v. Kijakazi*, No. 3:22-CV-286, 2023 WL 9102228, at *3 (N.D. Tex. Dec. 18, 2023) (recommending that counsel be awarded an effective hourly rate of $1,070.33), *report and recommendation adopted*, 2024 WL 56989 (N.D. Tex. Jan. 4, 2024); *Seznik v. Comm'r of Soc. Sec. Admin.*, No. 3:20-CV-2574, 2023 WL 6066466, at *2–3 (N.D. Tex. July 17, 2023) (recommending that counsel be awarded an effective hourly rate of $1,237.62), *report and recommendation adopted*, 2023 WL 6065871 (N.D. Tex. Aug. 9, 2023); *Sabourin v. Colvin*, No. 3:11-CV-2109, 2014 WL 3949506, at *1–2 (N.D. Tex. Aug. 12, 2014) (awarding counsel an effective hourly rate of $1,245.55).

Based on the foregoing, the Court finds that Plaintiff's counsel's motion for an award of $31,351.50 is reasonable. And, as Plaintiff's counsel acknowledges, he is obligated to refund the lesser EAJA fee amount of $6,547.05 directly to Plaintiff. (Dkt. #28 at 11).

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiff's counsel's Motion for and Memorandum in Support of an Award of Attorney Fees Under 406(b) of the Social

Security Act, (Dkt. #28), is **GRANTED**. Plaintiff's attorney, Michael T. Kelly, is awarded **$31,351.50** in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. § 406(b), from the benefits having been withheld from Plaintiff and retained by the Commissioner for that purpose. Upon receipt of the attorney's fees, Plaintiff's attorney shall remit directly to Plaintiff $6,547.05, which the Court previously awarded under the Equal Access to Justice Act, (Dkt. #27).

The clerk is directed to **CLOSE** this case.

**So ORDERED and SIGNED this 21st day of January, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE